**EAST BATON ROUGE PARISH**
Filed Jun 21, 2022 9:51 AM
Deputy Clerk of Court
E-File Received Jun 21, 2022 9:12 AM

**C-719774**

Case 3:22-cv-00444-JWD-EWD    Document 1-2    07/05/22    Page 1 of 5

| | |
|---|---|
| **BRENT R. AREDENEAUX** | **NUMBER: C-719774    SEC: 32** |
| **VERSUS** | **19TH JUDICIAL DISTRICT COURT** |
| | **PARISH IS EAST BATON ROUGE** |
| **DOLGENCORP, L.L.C. ET AL** | **STATE OF LOUISIANA** |
| **Filed:_____** | **Dy. Clerk:_____** |

## AMENDED PETITION FOR DAMAGES

    **NOW INTO COURT** through undersigned counsel comes Brent R. Ardeneaux, named Petitioner herein, a person of the age of majority, domiciled in the Parish of Plaquemines, State of Louisiana, who offers the following facts:

**1.**

Made Defendants herein are :

1. DOLGENCORP, LLC , a foreign corporation with its home office in Goodletsville, Tennessee, doing business in Louisiana, naming East Baton Rouge Parish as the location principal business office,

2. DG LOUISIANA, LLC, a foreign corporation with its home office in Goodletsville, Tennessee, doing business in Louisiana, naming East Baton Rouge Parish as the location principal business office,

3. ABC Insurance Company, a foreign or domestic insurance carrier which, upon information and belief, issued a policy(ies) of insurance to all or some of the above Defendants, which covered the damages prayed for herein, and that was in full force and effect at all times pertinent hereto;

4. JOHN DOE, a currently unidentified to the Petitioner employee of the Dollar General store 21838 who upon information and belief is a resident of the State of Louisiana.

all of whom are liable, jointly and solidarily, for all sums as are reasonable in the premise, together with legal interest from the date of judicial demand, and for all costs of these proceedings, for the following reasons, to wit:

## VENUE AND JURISDICITION

**2.**

    Venue is proper in this Court pursuant to Louisiana Code of Civil Procedure articles 42, 74, and/or 76.

**3.**

    The amount in controversy in this case and the subject matter upon which it is based are sufficient to justify jurisdiction in this Court pursuant to Louisiana Code of Civil Procedure. The

**EXHIBIT B**

amount in controversy also exceeds any minimum values required for trial by jury provided in La. C.C.P art 1731 *et seq.*

## FACTUAL BASIS

### 4.

DG LOUISIANA LLC, and its parent corporation, DOLGENCORP LLC, are the parties responsible for operation, employment, and staffing of Dollar General Store Number 21838 in Belle Chasse, Louisiana

### 5.

On or about mid-day July 10, 2021, Petitioner visited Dollar General Store Number 21838 in Belle Chasse, Louisiana to purchase bottled drinks.

### 6.

This visit was conducted in daylight hours and well within normal business hours of the store. The automatic doors were operating, other customers were present and shopping.

### 7.

During his visit Petitioner did not encounter and was not able to locate any Dollar General staff in the store. This forced petitioner and other customers to purchase their items using the open and operating self-check-out machine in the front of the store.

### 8.

The self-check-out machine was not stocked with shopping bags, which prevented petitioner from bagging his items.

### 9.

Upon information and belief, the store was equipped with various strategically placed surveillance cameras throughout including, cameras on the self-check-out machine itself which displays a constant video screen of the customers before it.

### 10.

After purchasing his items and concluding conversation with other customers, Petitioner retuned to his vehicle parked in front of the store and preceded to his home, also in Belle Chasse, Louisiana.

### 11.

Upon information and belief, at some point after petitioner had left the store, despite ample video evidence of the true situation being readily available in the store, John Doe, an employee of the Dollar General store, contacted the Plaquemines Parish Sherriff's Department and reported that Petitioner had left the store without paying for his items.

**12.**

About two hours after leaving the store, while in the front yard of his newly constructed home in a brand new neighborhood and in the presence of his new neighbors, Petitioner was abruptly approached by a Sheriff's deputy, forced against a police car, placed in hand cuffs and publicly asked why he was stealing form the Dollar General.

**13.**

The public detention of petitioner by police, constitutes a criminal arrest pursuant to La. Code Crim. Pro. Art. 201.

## CUASES OF ACTION

**14.**

Petitioner re-alleges and incorporates paragraphs 1-13, above, as though copied here *in extenso.*

**15.**

"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315.

**16.**

"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." La. Civ. Code art. 2320. Defendants DOLGENCORP, LLC and DG LOUISIANA, LLC are vicariously liable for the actions the employees of their Dollar General stores.

**17.**

"Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." La. Civ. Code art. 2316.

**18.**

The Non-Insurer Defendants' negligent acts and omissions, non-exclusively, include:
a) Failure to keep proper lookout or observation in a place of commerce to provide accountability between shopkeepers and customers.
b) Failure to properly train/ instruct their employees.
c) Negligent policies and/or supervision.
d) Failure to staff a store with any employees which can verify customers purchases.

e) Failure to provide shopping bags to customers who have had to tender their own purchases which would indicate to any sporadically appearing and uninformed employees that customers had actually purchased their own items.

f) Failure to review available video surveillance, provide employee presence to account for customer activity, or take any other reasonable steps to attempt to verify a suspicion of theft before making formal criminal accusations to law enforcement against an innocent person.

g) These acts of negligence are pleaded specifically herein and are in addition to other acts of negligence which will be shown at the trial of this matter.

**19.**

The actions or omissions of the Non-Insurer Defendants constitute False arrest or imprisonment of the Petitioner in that they resulted in the unlawful detention of his person.

**20.**

The actions or omissions of the Non-Insurer Defendants constitute Defamation of Character of the Petitioner in that false defamatory stalemates about the Petitioner were published to a third party resulting in injury to the Petitioner.

**21.**

At all times pertinent herein, defendant, ABC Insurance Company had issued and in full force and effect a policy of general liability insurance coverage to and on behalf of the non-insurer defendant's listed above , said policy providing coverage for all acts of negligence of all employees, agents or others for whom DOLGENCORP, LLC and DG LOUISIANA, LLC . is responsible, and for the acts of the kind and nature herein asserted, and, as such, said policy inures to the benefit of Brent R. Ardeneaux  and ABC Insurance Company is liable, in solido for all acts of negligence of its insured.

**<u>DAMAGES</u>**

**22.**

Petitioner re-alleges and incorporates paragraphs 1-21, above, as though copied here *in extenso.*

**23.**

The unjustified accusations of the non-insurer defendant directly resulted in a very public arrest of the Petitioner, resulting in gossip and damage to reputation of the petitioner within his new community, tarnishing Petitioner's family's expectations of life in their newly built home and undoubtably affecting Petitioner's Political ambitions in his community.  The incident is still spoken of as of the day of this filing within Petitioner's neighborhood.

**24.**

Petitioner has personally suffered fear, humiliation, anxiety, and mental anguish resulting from his arrest. It also causes his much trepidation and anxiety to return to shop at Dollar General Stores.

**25.**

Petitioner has forced to try to reestablish his six-year-old son's feelings of security in his neighborhood and perception of his father after the incident resulted in the child questioning the motives of police, the purpose of attorney's and why his father needed one.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE,** Petitioner, Brent R. Ardeneaux, prays that, after due proceedings, a judgment be rendered in his favor and against Defendants, and that he be awarded damages in an amount to be determined at trial.

Please Serve:

**DG LOUISIANA, LLC**
C/O Corporation Service Company
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802

**DOLGENCORP, LLC**
C/O Corporation Service Company
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802

Respectfully Submitted:

Joseph J. Zahorchak, LSBA 38089
The Zahorchak Law Firm, LLC
P.O. Box 274
Clinton, LA 70722
(225)-522-2529
Josephzahorchak@gmail.com