## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRENT AREDENAUX** | * | |
|     Plaintiff | * | CASE NO. 3:22-cv-444 |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE** |
| | * | |
| **DOLGENCORP, LLC, ET AL** | * | **MAGISTRATE** |
|     Defendant | * | |
| | * | **A JURY IS DEMANDED** |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO:   The Honorable Judges
of the United States District Court
for the Middle District of Louisiana

Defendants, **DG LOUISIANA, LLC** and **DOLGENCORP, LLC**, (together hereinafter, "DG Louisiana, LLC") respectfully submit this Notice of Removal of the above-styled matter, and as cause therefore show as follows.

1.

On the 6th day of June, 2022, the attached Petition for Damages was filed in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled *Brent Aredeneaux v. Dolgencorp, LLC, et al,* bearing case number C-719774, Section "32".[1]

2.

Plaintiff filed a Petition for Damages against Dolgencorp, LLC, DG Louisiana, LLC, and ABC Insurance Company as a result of an incident that allegedly occurred on July 10, 2021 at a Dollar General store located in Belle Chasse, Louisiana.[2] Specifically, Plaintiff alleges that after

---

[1] Exhibit A, Plaintiff's Original Petition for Damages.
[2] Exhibit A at Paragraphs 5.

purchasing items at the Dollar General store, "an employee of the Dollar General store contacted Plaquemines Parish Sheriff's Department and reported that Petitioner had left the store without paying for his items."[3] Plaintiff further alleges that after leaving the store, he was "approached by a Sheriff's deputy, forced against a police car, placed in hand cuffs and publicly asked why he was stealing from the Dollar General."[4] Plaintiff claims that he suffered "fear, humiliation,, anxiety, and mental anguish" as a result of the alleged incident.[5] Thereafter, Plaintiff filed an Amended Petition for Damages adding an additional fictitious defendant, John Doe.[6]

3.

Neither Plaintiff's Original Petition for Damages, nor his Amended Petition for Damages contain any information that would put Defendants on notice that the potential amount in controversy for this matter exceeds $75,000.00, exclusive of interest and costs. However, pre-suit communications with Plaintiff's counsel, including a $150,000 settlement demand, reflect the amount in controversy exceeds $75,000.

4.

As required under Louisiana law, Plaintiff's Petition did not specify an amount of damages sought. The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1).[7] Since Louisiana law prohibits Plaintiff from setting forth a specific dollar amount of damages, Defendants must prove that the amount in controversy exceeds $75,000 by a

---

[3] Exhibit A, at Paragraphs 10-11.
[4] Exhibit A, at Paragraph 12.
[5] Exhibit A, Paragraph 22.
[6] Exhibit B, Plaintiff's Amended Petition for Damages
[7] *Creppel v. Fred's Stores of Tennessee, Inc.*, 2013 WL 3490927, at *2 (E.D. La. 2013), citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000);

preponderance of the evidence.[8] If, as in this particular case, it is not facially apparent that the claims are likely to exceed $75,000, "the district court can then require parties to submit summary judgment-type evidence, relevant to the amount in controversy at the time of removal."[9] Once the removing party makes this showing by a preponderance of the evidence, "**removal is deemed proper unless the plaintiffs show to a legal certainty that their recovery will not exceed the jurisdictional amount**."[10]

Pursuant to 28 U.S.C.A. 1446(b)(3), "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable."

5.

While Plaintiff's Petition for Damages does not contain any information that would put Defendant on notice that the potential amount in controversy for this matter exceeds $75,000, exclusive of interest or costs, records show that on September 29, 2021, counsel for Plaintiff submitted a settlement demand indicating that Plaintiff would settle the subject matter for $150,000.[11]

6.

On multiple occasions, this Court has found settlement demand letters to be "valuable" or "competent" evidence supporting the "amount in controversy" requirement of 28 U.S.C. Section

---

[8] *Id.*, citing *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002); See also, *Phefferkorn v. Brookshire Grocery Company*, 2019 WL 847938 at *2 (W.D. La. 1/29/2019).
[9] *Creppel*, 2013 WL 3490927 at *2, citing *Manguno*, 276 F.3d at 723; See also, *Phefferkorn*, 2019 WL 847938 at *2 (W.D. La. 1/29/2019).
[10] *Creppel*, 2013 WL 3490927 at *2, citing *Fairchild v. State Farm Mut. Automobile Ins. Co.*, 907 F.Supp. 969, 970 (M.D. La. 1995) (emphasis supplied); See also, *Phefferkorn*, 2019 WL 847938 at *2 (W.D. La. 1/29/2019).
[11] Exhibit C, Plaintiff's Settlement Demand.

1332(a).[12] Here, there is no evidence to suggest Plaintiff's settlement demand regarding the value of his damages was inflated or was not an honest assessment of damages.[13] Moreover, there is no evidence to suggest, let alone establish to a *legal certainty*, that the amount in controversy is really for less than the jurisdictional amount. Therefore, the plain language of Plaintiff's settlement demand clearly suggests that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.

DG Louisiana, LLC and Dolgencorp, LLC were served with the original Petition for Damages on June 13, 2022. Thus, removal is timely pursuant to 28 U.S.C. §1446(b)(1).

8.

For purposes of determining whether this Court has original jurisdiction for this action under 28 U.S.C. §1332, this Court should ignore fictitious Defendants, ABC Insurance Company and John Doe.

9.

Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

A. The properly joined parties to this action are completely diverse:

1. Plaintiff, Brent Ardeneaux, is a person of full age of majority and a domiciliary of the Parish of Plaquemines, State of Louisiana;[14]

---

[12] See, e.g., *Phefferkorn v. Brookshire Grocery Company*, 2019 WL 847938 at *2 (W.D. La. 1/29/2019); *Lowrie v. Wal-Mart Louisiana,* LLC, 2015 WL 9685508 (W.D. La. 12/1/2015); *Luna v. PNK (Lake Charles), LLC*, 2016 WL 6748029 (W.D. La. 9/27/2016); and *Moss v. Old American County Mutual Fire Insurance Co.*, 2021 WL 1743288 at *2 (W.D. La. 4/14/2021).
[13] *Carver v. Wal-Mart Stores, Inc.*, 2008 WL 2050987, at *2 (M.D. La. 5/13/2008).
[14] See Exhibit A, Plaintiff's Petition for Damages

2. DG Louisiana, LLC, is a single member limited liability company whose sole member is Dolgencorp, LLC, a single member limited liability company whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee;

3. Dolgencorp, LLC, is a single member limited liability company whose sole member is Dollar General Corporation which is incorporated and has its principal place of business in Tennessee.

B. The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. As is proper under Louisiana law, the petition does not specify an amount of damages sought. However, Plaintiff's settlement demand suggests that her damages are valued at or above $150,000.[15]

10.

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs and complete diversity exists between all adverse and properly joined parties.

11.

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

12.

---

[15] See Exhibit C

Defendants pray for a jury trial on all issues.

**WHEREFORE**, removing Defendants, DG Louisiana, LLC and Dolgencorp, LLC, pray that the above action now pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed therefrom to this Honorable Court. Defendants additionally pray for a jury trial on all issues.

                          Respectfully submitted,

                          */s/ Michael L. Ballero*
                          TREVOR C. DAVIES (32846)
                          SHANNON O. HARRISON (26163)
                          MICHAEL L. BALLERO (36793)
                          **WANEK KIRSCH DAVIES LLC**
                          1340 Poydras Street, Suite 2000
                          New Orleans, LA 70112
                          Telephone: (504) 324-6493
                          Facsimile: (504) 324-6626
                          tdavies@wkdlawfirm.com
                          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail this 5th day of July, 2022.

            */s/ Michael L. Ballero*